FILED
July 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003615097

ROBERT HAWKINS #131159
ATTORNEY AT LAW
1849 NORTH HELM, SUITE 110
FRESNO, CALIFORNIA 93727
(559) 255-0555

Attorney for Chapter 7 Trustee,
Sheryl Strain

## IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In the Matter of

LABEL ATKINSON and
FREDDIE ATKINSON,

Debtors.
_____/

Case No. 08-17814-A-7F

DC No. RH-3

**TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY EQUITY**
11 U.S.C. §363

Date: August 10, 2011
Time: 9:00 a.m.
Dept: A

**TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:**

Sheryl Strain respectfully represents:

1.  She is the duly appointed, qualified, and acting trustee of the above-entitled estate.

2.  The above-captioned case was filed under Chapter 7 on or about December 1, 2008, and Sheryl Strain was appointed Chapter 7 Trustee.

3.  This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §1334(a). This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4.  Among the assets of this estate is a 50% interest in real property commonly known as 55 acres of land located at 7805 East 127 Road, Holdenville, Oklahoma with a total fair market value of approximately $16,000.00.

|   |   |
|---|---|
| 1 | 5. The Trustee received an offer from the co-owner of the property, Don C. Headspeth, to purchase the 50% interest for the total sum of $8,000.00. The funds are to be sent to the estate within three days of entry of the order approving the sale. |

5. The Trustee received an offer from the co-owner of the property, Don C. Headspeth, to purchase the 50% interest for the total sum of $8,000.00. The funds are to be sent to the estate within three days of entry of the order approving the sale.

6. In deciding to accept the proposed offer, the Trustee took into consideration the fair market value of the real property, that the joint debtor has only a 50% interest in the property, and that a sale to the co-owner avoids real estate broker and escrow fees and costs. The Trustee is of the opinion that the estate would not net a higher amount by marketing and selling the co-owned property.

7. The Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE**, the Trustee prays that after appropriate notice and opportunity to be heard, he be authorized to sell the above-described asset to Don C. Headspeth for the total sum of $8,000.00.

**DATED**: July 6, 2011

                                          /S/Robert Hawkins
                                        ROBERT HAWKINS,
                                        Attorney for Chapter 7 Trustee